Barbour, C.J.
(concurring). The contract between the parties in this case requires the plaintiff to convey to the defendant “ the property known as Nos. 265 and 267 Sixth avenue, and 100 and 102 West Seventeenth street, in this city, with the buildings thereon.”
It is conceded that the plaintiff owns and may convey all the land on which the buildings stand, with the exception of a small strip of ground in and constituting a part of Seventeenth street, upon which the iron columns supporting the corner building encroach about three inches, and over which the wall" itself, above the first story, projects the same distance.
It is obvious that the plaintiff designed, in good faith, to sell, and the purchaser to buy, not only the land upon which the buildings were, but the buildings themselves, with all the land on which they stood. It being clear that the vendor is unable *726 to make a valid conveyance of all such land, the question is whether the purchaser is bound to take the plaintiff’s deed for such portion thereof as he can legally convey, in full satisfaction of the contract on the part of the latter.
If the overlapping of the building in question was an encroachment upon the property of an individual owner, as would have been the case had it extended three inches beyond the plaintiff’s southern line, the defendant, there can be no doubt, would not have been bound in law to accept*a deed conveying to him all the land owned by the vendor as a performance of the agreement.
The mayor, aldermen, and commonalty of the city of Hew York are not only the owners, in fee, of the streets laid out by the commissioners under the act of 1807 (Davies’ Laws, 460), and opened in accordance with the provisions of the statute of 1813 (Valentine’s Laws, 1190), but they hold the land covered thereby in and upon the trust “ that the same be appropriated and kept open for public streets forever ” (ib., 1198). It follows that the corporation not only may maintain an action of ejectment for the recovery of so much of the street as is covered by the building in question, as the owner of the fee, precisely the same as an individual might do, but that it is also charged, by a positive enactment of the legislature, with the trust, obligation, and imperative duty to keep the land free and open as and for a street forever; a trust or duty, it may be remarked, of which any cestui yue trust, interested in the question, or the attorney-general, may enforce the execution. Considering this, it appears to me that the deed offered by the plaintiff is, at least, as objectionable as it would be if the building rested upon and projected over the adjoining land of an individual to the same extent.
The referee has found, and, no doubt, correctly, that such encroachments upon the streets of the city are not uncommon; and he might have added that they have, in many instances, been tolerated by the failure to act, or silent acquiescence of the corporation and its officers. We have no right to assume, however, *727 that the city authorities will not, at some future time, deem it necessary or proper to compel the removal of all obstructions from the streets, so as to have them open as such for their entire width, nor that the corporation will always refrain from enforcing its rights as the owner of the fee. We have simply to determine upon the legal and equitable rights of the parties to this controversy, and cannot, properly, thus speculate upon probabilities.
It is also true that the limited area of the corporation’s land occupied by the building is of but little comparative value. But, even if the value was so small as to bring it within the maxim “demi/nimis non cv/rat lex” which is, at least, doubtful, it is to be considered that the injury to the owner of the building, in case the corporation should enforce its rights, would not be measured alone by the value of the land, but as well, probably, by the trouble and expense of removing the wall or reconstructing it.
In order to entitle the plaintiff to recover in this action, he was bound to prove upon the trial, either that he had fully performed the provisions of the contract on his part according to the letter thereof, including the conveyance of that portion of Seventeenth street occupied by the building, or, to show by his evidence that the non-conveyance of the latter was not essential or material to the full performance by him of such contract; and as he has not done this, the principle upon which the numerous decisions have been made whereby decrees for specific performance have been passed, notwithstanding the failure or inability of the complainants to perform their agreements in certain unimportant and non-essential particulars, does not apply to this case.
I am, therefore, of opinion that the learned referee erred in directing a judgment for the plaintiff, and that such judgment should be reversed and a new trial awarded, with costs to abide the event.
In view of what I have said above touching the duty of the corporation under the act of 1813,1 deem it unnecessary to express any further opinion here touching the validity and effect of *728 the license given by the corporation to the plaintiff to build an area, in so far as that license may have been intended to empower him to occupy permanently any portion of the surface of the street.